Case No. 12-14-00208-CV       Monday
                              August 11, 2014
                              page 1

Twelfth Court of Appeals
1517 West Front Street Suite 354
Tyler, Texas. 75702

FILED IN COURT OF APPEALS
12th Court of Appeals District

AUG 14 2014

TYLER TEXAS
CATHY S. LUSK, CLERK

Dear Court Clerk,

    Enclosed Please find for filing a Motion For
Rehearing in the above Case number. This Motion For
Rehearing is in response to the Memorandum Opinion
issued on August 6, 2014

                    Thank you
                    Grafton L. Ring Jr
                    Pro se appellant

                    2101 F.M. 369 N.
                    Iowa Park Tx. 76367

No. 12-14-00208-CV

In The Court of appeals
Twelfth Court of appeals District
Tyler, Texas

| | |
|---|---|
| In The Interest of J.A.R. | appeal from The 354th |
| a/k/a J.A.L. | Judicial District Court |
| a Child | Rains County, Texas |

FILED IN COURT OF APPEALS
12th Court of Appeals District

AUG 1 2014

TYLER
CATHY S. LUSK CLERK

## Motion For Rehearing

Now Come Grafton L. Riney II, hereafter appellant, and files their motion for Rehearing in the above styled and numbered cause and ask the Honorable Twelfth District Court of appeals to hear this motion for the following points.

## Facts

On May 23rd 2014, an Order was entered in the 354th Judicial District Court of Rains County, Texas Ordering that the Parental rights to appellants daughter be terminated.

(1)

Appellant was never notified that his Parental Rights had been terminated by the Court or by his Court appointed trial Counsel. Appellant was never notified that he had been reappointed a trial Counsel by the Court or Counsel nor was appellant ever notified by the Court or Counsel that a trial date had been set. Appellant wrote to the trial Court on June 19, 2014 asking for a docket sheet and inquiring about Motions that appellant filed in February of 2014 and received the Order of termination on July 3, 2014 from the Court Clerk.

Appellant filed a Notice of appeal with the trial Court on July 18, 2014. Fifteen business days after notification from the trial Court. "This is an accelerated appeal" and and must be filed within twenty days of the signing of the Order or notice whichever comes first.

Appellant was notified on July 23, 2014 by the Twelfth Court of appeals that his motion was untimely and did not show Jurisdiction. Appellant filed an amended notice of appeal on or about July 29, 2014. In response to the Courts notice, appellant alleged in his amendment that the trial Court never notified him of the order of termination until more than thirty days after the Order was signed. Appellant Cited Tex R. Civ. P. 306 a (4) and Requested that his date for filing the notice of appeal

(2)

begin on July 3, 2014. The Court of appeals response was that appellant had not properly complied with the procedure to establish the application of Rule 306 (a) (4) And cites Rule 306 a (5), and states But even if appellants compliance were not required, We could not extend the deadline for filing his notice under Rule 306 a (4). This is because appellant admits that his Court appointed Counsel had actual knowledge of the order being signed And that his Counsel never notified him of the order so that he could exercise his right to appeal.

## Arguement For Rehearing

Appellant argues that he did Comply with the procedure to establish the application of Rule 306 (a) (4) by sworn Motion and Notice through appellants Notice of appeal the date ~~of the date~~ on which the party or his attorny first either received a notice of the judgement or aquired actual knowledge of the signing (required by Rule 306 a (5).) appellant did give the date that he was notified in his notice of appeal see page 2 of notice of appeal. Page 78 of Clerks Record. appellant also gave an Unsworn Declaration on page (4) of his appeal, page 80 of the Clerks Record. appellant argues that this satisfies Rule 306 (a) 5. appellant proved in trial Court on sworn Motion and notice through his notice of appeal.

Appellant argues that the fact that he admits that the Court appointed Counsel had actual knowledge that the order had been signed is irrelevant due to the fact that the Judge Ordered that Counsel was relieved of any further rights, duties, and responsibilities in this Case. See Page 3 of the Order of Termination under Attorney Ad Litem for Respondent. Page 67 of Clerks record states that Ron Ferguson has satisfactorily discharged "all of his duties and Obligations" under Chapter 107 of the Texas Family Code, and "IT IS ORDERED" that he is hereby discharged and relieved of any further rights, duties, and responsibilities. Therefore, responsibility to notify appellant of the order of termination and his right to appeal falls on the trial Court.

Appellants Compliant is not that his attorney never notified him of the order so that he Could exercise his right to appeal. Appellants Complaint is that he was never notified of the order of termination by the Court or his unknown trial Counsel. See Pages 1 + 2 of the amended Notice of appeal Under facts. Appellant was never notified of the order of termination until July 3, 2014 and appellant proved in trial Court on sworn motion and Notice of the date that he received actual knowledge of the signing through appellants Notice of appeal.

Appellant argues that his notice of appeal was not untimely due to the fact that he filed his notice of appeal on the fifteenth business day after receiving notice therefore there was no need to file a motion to extend the time to file notice of appeal.

Appellant argues that although he has no right to Court appointed Counsel in a private termination suit, he was appointed Counsel September 18, 2013 and order granting withdrawal of that attorney was granted January 31, 2014 Reappointment of Counsel Ron Ferguson was granted January 31, 2014 but appellant was never notified by the Court or the reappointed Counsel and therefore should have been given Counsel through the appeal process. The fact that the trial Court Judge relieved the Court appointed Counsel of any further rights, duties, and responsibilities Caused the appellant to be abandoned at a Critical point, without notice, and without a Chance to appeal. Due to the fact that appellant was appointed trial Counsel, appellant should have the right to Counsel through appeal to The Supreme Court. See In Re K.D. 235 S.W. 3d 452.

## Conclusion

Due to the facts listed above as well as appellants Arguments, this Motion For Rehearing should be granted and the amended notice of appeal and original notice

(5)

Of appeal should be accepted as a timely filed notice of appeal which will invoke this Courts jurisdiction to hear the appellants appeal.

### Prayer

Wherefore Premises Considered, appellant Prays for all relief requested and that this Motion For Rehearing is Granted.

Grafton L. Ring Ⅱ
appellant
August 11, 2014

### Unsworn Declaration

Under the Penalty of perjury, I Grafton L. Ring state that the above and foregoing is true and Correct to the best of my knowledge

Grafton L. Ring Ⅱ
August 11, 2014

### Order

This motion is Granted _____ Is Denied _____
Order Entered this _____ day of _____ 2014.

Signed _____
Signed _____
Signed _____

# Certificate of Service

Due to the indigent status of Grafton L. Riney II, he is asking this Honorable Court to serve copies of this instrument on all concerned Parties. Grafton L. Riney II, states that this original copy of the motion For Rehearing was served to the Twelfth District Court of appeals in Tyler, Texas Via United States Postal Service Regular Mail on this ———— day of August 2014.

Grafton L. Riney II
appellant Pro se

GRAFTON L. RiNEy II #1881625
AllRed UNiT
2101 F.M. 369 N.
IOWA PARK, TX. 76367